IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE PLETCHER | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action 19-73 |
| ANDREW M. SAUL, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michelle Pletcher ("Pletcher") seeks judicial review of the Social Security Administration's denial of her claim supplemental security income ("SSI"). Her initial Motion for Summary Judgment (ECF No. 11) and the Commissioner's corresponding Motion (ECF 13) addressed alleged substantive errors the ALJ made in denying her claim. Pletcher then filed a second Motion for Summary Judgment (ECF 15) alleging that the Administrative Law Judge ("ALJ") had was not constitutionally appointed under the Appointments Clause. The Commissioner responded and Horvath filed a Reply. (ECF Nos. 15, 21)

Pletcher relies upon the Supreme Court's decision in *Lucia v. S.E.C.* 138 S. Ct. 2044 (2018) and the Third Circuit Court of Appeals decision in *Cirko v. Comm'r. of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) in support of her contention.[1] In *Lucia*, the Supreme

---

[1] This Court declined to address the appointments clause argument in its initial decision because the Commissioner sought rehearing before the Third Circuit Court of Appeals. Rehearing was denied and the Commissioner has represented that it is not pursuing an appeal before the Supreme Court. Consequently, Horvath's appointments clause challenge is ripe for consideration.

1

Court held that an ALJ of the Securities and Exchange Commission is an "Officer of the United States" who must be appointed by the President, a court of law, or the Department head. *Lucia*, 138 S. Ct. at 2053. The Court found that a party "'who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055, *quoting Ryder v. United States*, 515 U.S. 177, 182-83 (1995).[2] Following the reasoning of the *Lucia* decision, the Court of Appeals for the Third Circuit found that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." *Cirko*, 948 F.3d at 153.

Here, there is no doubt that the ALJ who presided over Pletcher's claim was not properly appointed under the Appointments Clause. "Pursuant to *Cirko*, then, Plaintiff would therefore be entitled to a new hearing before an ALJ other than [the ALJ who presided over her case] and a new disability determination regardless of whether she raised the issue at the administrative level." *Waldor*, 2020 WL 2557340, at * 2. Forgoing the exhaustion argument, the Commissioner instead urges that Pletcher has "waived" her right to pursue an Appointments Clause argument.

I reject the Commissioner's argument. As the Honorable Patricia Dodge recently explained, the issue is not one of "waiver" but of "forfeiture." *See Schaffer v. Saul*, Civ. No. 19-01153, 2020 WL 2526938, at * 2 (W.D. Pa. May 18, 2020). A "waiver" is an

---

[2] "While Lucia did not purport to address the constitutionality of the ALJs in other federal agencies, in response to the opinion, the President of the United States, on July 10, 2018, issued an executive order stating that 'at least some – and perhaps all – ALJs are Officers of the United States and thus subject to the Constitution's Appointments Clause." *Waldor v. Saul*, Civ. No. 18-1165, 2020 WL 2557340, at * 1 (W.D. Pa. May 20, 2020), *citing*, Exec. Order No. 13843, 83 Fed. Reg. 32755 (July 10, 2018). On July 16, 2018, the Acting Commissioner of Social Security appointed ALJs in accordance with the Appointments Clause, United States Constitution Art. II, section 2, cl. 2. This action had no retroactive effect. *Flynn v. Saul*, Civ. No. 19-0058, 2020 WL 509164, at * 2 (E.D. Pa. Jan. 30, 2020).

2

intentional relinquishment or abandonment of a known right. A "forfeiture," on the other hand, is the failure to make a timely assertion of the right. *Schaffer*, 2020 WL 2526938, at * 2.³ As Judge Dodge noted, the distinction between "waiver" and "forfeiture" is important because "'a federal court has the authority to resurrect only forfeited [claims].'" *Schaffer*, 2020 WL 2526938, at * 2, *quoting, Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 n. 7 (3d Cir. 2017). Thus, a court may overlook forfeiture when the issue is purely legal in nature and "'where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance.'" *Id.*, *quoting, Barna*, 877 F.3d at 147.

    I find the *Schaffer* decision to be persuasive as have other Courts within this District. *See, Lenz v. Saul*, Civ. No. 19-489, 2020 WL 2571902 (W.D. Pa. May 20, 2020); *Waldor v. Saul*, 2020 WL 2557340 (W.D. Pa. May 20, 2020), and *Hiben v. Saul*, Civ. No. 18-1590, 020 WL 2571895 (W.D. Pa. May 20, 2020). As Judge Bloch observed, "while *Lucia* had been decided prior to the initial round of briefing in this case, *Cirko* had not. Although a plaintiff certainly could have devised an Appointments Clause argument in the social security context based on *Lucia*, *Lucia* did not actually address the issue directly. *Cirko* did." *Waldor*, 2020 WL 2571895, at * 2.  As in Waldor, here the initial round of briefing was submitted prior to the issuance of the *Cirko* decision. Consequently, I find that the issuance of the *Cirko* decision "created exceptional circumstances sufficient for this Court to consider Plaintiff's Appointments Clause arguments even though not raised in her initial briefs." *Id.*

---

³ I find Judge Dodge's reasoning to be compelling and conclude that there is no basis for finding that Guy intentionally waived her right to challenge the constitutionality of the ALJ's appointment.

3

It is disingenuous to urge that Pletcher should have advanced an argument that was not recognized at the time of the original briefing in this case and which, even after recognized, the Commissioner continued to challenge. "[G]iven that the decision in *Cirko* was in large part crafted to prevent parties from forfeiting rights inadvertently by failing to raise them at the first opportunity, it seems appropriate to extent this way of thinking to federal cases such as this one." *Lenz v. Saul*, Civ. No. 19-489,2020 WL 2571902, at * 2 (W.D. Pa. May 20, 2020). Because there is no question that the ALJ was not constitutionally appointed, this case will be remanded to the Commissioner for a new hearing and determination by a properly appointed ALJ other than the one who presided over Pletcher's prior determination. Because I am remanding on this basis, I decline to address Pletcher's other arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE PLETCHER ) | |
|     Plaintiff, ) | |
| ) | |
|  -vs- ) | Civil Action No. 19-73 |
| ) | |
| ANDREW M. SAUL, ) | |
| ) | |
|     Defendant. ) | |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 11th day of June, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 15) is GRANTED. The remaining Cross-Motions for Summary Judgment are DENIED AS MOOT. (Docket Nos. 11 and 13) It is further ORDERED that this case is REMANDED to the Social Security Administration for a new hearing before a different constitutionally appointed Administrative Law Judge than the Administrative Law Judge who presided over the prior hearing. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

                                  BY THE COURT:

                                  /s/ Donetta W. Ambrose
                                  Donetta W. Ambrose
                                  United States Senior District Judge